UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:
ANNA VLADIMIROVNA ZINKOVA

PACIFIC INTERNATIONAL GROUT Co. a Washington Corporation,

        Plaintiff,

   v.

PACIFIC INTERNATIONAL GROUT CO., a Washington corporation, and PATRICK J. STEPHENS and BLISS STEPHENS, and the marital community composed thereof,

        Debtor/Defendant.

   v.

PACIFIC INTERNATIONAL GROUT CO., a Washington corporation, and PATRICK J. STEPHENS and BLISS STEPHENS, and the marital community composed thereof,

        Counter-Defendants.

C12-778 MJP

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE

ORDER GRANTING MOTION TO WITHDRAW
THE REFERENCE- 1

This matter comes before the Court on Plaintiff's motion to withdraw the reference. (Dkt. No. 1.) Defendant did not file a response. Having reviewed the motion, the Court GRANTS Plaintiff's motion to withdraw the reference of the adversary proceeding to the United States Bankruptcy Court for the Western District of Washington.

**Background**

On July 28, 2005, Plaintiff Pacific International Grout Co. ("PIGCO") sued Defendant Anna Vladimirovna Zinkova ("Zinkova") in state court, alleging losses incurred due to Zinkova's embezzlement. Zinkova asserted counterclaims against PIGCO and Patrick Stephens. On November 10, 2011, PIGCO filed a motion for summary judgment and a hearing was set for December 9, 2011. (Adv. Proceeding, Dkt. No. 13 at 80.)

On November 28, 2011, Zinkova filed a voluntary petition for bankruptcy under Chapter 13 of Title 11 in the United States Bankruptcy Court for the Western District of Washington ("Bankruptcy Court"), which stayed the state court litigation. (In re Zinkova, Ch. 13 Case No. 11-23688-KAO (W.D. Wash. 2012), Dkt. No. 1.) On December 1, 2011, PIGCO filed a complaint with the Bankruptcy Court, seeking a determination of non-dischargeability as to PIGCO's claims against Zinkova in the state court litigation. (See Pacific Int'l Grout Co. v. Zinkova, (In re Zinkova), Adv. No. 12-2130 (W.D.Wa. 2012), Dkt. No. 1.) The Adversary Proceeding was assigned to the Bankruptcy Court under Adversary Case No. 11-2130. On January 13, 2012, Zinkova filed an answer in the Adversary Proceeding, asserting counterclaims against PIGCO and Stephens identical to those in the state court litigation. (Adv. Dkt. No. 5.)

**Analysis**

District courts have discretion to refer "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under title 11" to the

bankruptcy judges for that district. 28 U.S.C. § 157(a). However, the District Court "may withdraw in whole or in part, any case proceeding referred, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn. In re Larry's Apartment, LLC, 210 B.R. 469, 472 (Bankr.D.Ariz.1997).

In the Ninth Circuit, courts consider the following in determining whether cause exists to withdraw the reference: the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related factors, and whether the claims at issue are core or non-core. Secruity Farms v. International Brotherhood of Teamsters, et.al., 124 F.3d 999, 1008 (9th Cir. 1993). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right covered by some other body of law, normally state law." Matter of U.S. Brass Corp., 110 F.3d 1261, 1268 (7th Cir.1997). In non-core proceedings—proceedings that are not core but are "otherwise related to a case under title 11," 28 U.S.C. § 157(c)(1)—"the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." Stern v. Marshall, 564 U.S. ——, 131 S.Ct. 2594, 2601–02, 180 L.Ed.2d 475 (2011). The Bankruptcy Court lacks authority to enter a decision on the merits where the non-core proceeding arises solely under state law and need not be decided to resolve the creditor's claim against the estate. Stern, 564 U.S ___, 131 S.Ct. 2594.

Here, Plaintiff moves to withdraw the reference of the adversary complaint because (1) the counterclaims Zinkova asserts are not core bankruptcy matters, but instead based on state

law, and (2) judicial efficiency is served by withdrawing the reference. The Court agrees. First, Zinkova's counterclaims are non-core proceedings based on state law. Specifically, Zinkova brings claims for retaliation, outrage, defamation, battery, assault, sexual harassment, malicious prosecution, and Washington's Law Against Discrimination violations. Zinkova alleges PIGC's President, Patrick Stephens, directed Zinkova to alter the company's books and that Stephens fired her and sued her for embezzlement in retaliation for terminating their sexual relationship. Just as in the Stern case, the state law claims at issue in this action are "in no way derived from or dependent upon bankruptcy law." See Stern, 131 S.Ct. at 2618. Therefore, the Court finds Zinkova's counterclaims are non-core proceedings.

Second, judicial efficiency would be served by withdrawing the reference. An important consideration in determining whether to withdraw the reference is "the efficient use of judicial resources, delay and cost to the parties." Vacation Village, Inc. v. Clark County, Nevada, 497 F.3d 902, 914 (9th Cir. 2007). Here, the Bankruptcy Court will not be able to make a final determination in the Adversary Proceeding given that Zinkova's counterclaims are non-core. Instead, the Bankruptcy Court will have to submit a recommendation for the District Court's de novo review. See Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 75 (1982)(finding "Art. III bars Congress from establishing legislative courts to exercise jurisdiction over all matters related to those arising under the bankruptcy laws.") Since the district court will necessarily review this action, the Court finds judicial efficiency warrants a single proceeding in the district court. Since Zinkova's counterclaims are based on state law and judicial efficiency will be served if proceedings are held before a district court, the Court GRANTS Plaintiff's motion to withdraw the reference.

\\

**Conclusion**

The Court GRANTS Plaintiff's motion to withdraw the reference of the adversary action and to remove the action to the District Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of May, 2012.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW
THE REFERENCE- 5