1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

| | |
|---|---|
| PACIFIC INTERNATIONAL GROUT CO, | CASE NO. C12-778-MJP |
| Plaintiff, | ORDER ON CONSOLIDATED MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR DISMISSAL |
| v. | |
| ANNA VLADIMIROVNA ZINKOVA, | |
| Defendant. | |

10
11
12
13
14
15
16
17

        This matter comes before the Court on the parties' consolidated motion for enforcement of a settlement agreement and dismissal.  (Dkt. No. 56.)  Having reviewed the motion and all related papers, the Court GRANTS in-part and DENIES in-part the motion.  The Court finds the December 2012 hand-written-document is an enforceable settlement agreement.  But resolution of any disagreement about the settlement's terms is reserved for Hon. Judge Learned (ret.) and not by this Court.  Because there appears to be no issue for the Court to resolve, the parties' claims are DISMISSED.

18
19
20
21
22
23

//

24

ORDER ON CONSOLIDATED MOTION TO
ENFORCE SETTLEMENT AGREEMENT AND
FOR DISMISSAL- 1

1
                                    **Background**

2          This case involves Anna Zinkova's employment with PIGCO and allegations of

3  embezzlement and sexual harassment.

4          The parties mediated their claims before Judge Kathleen Learned (Ret.) in December

5  2012.   At the end of mediation, the parties hand-wrote their agreement settling the case

6  ("December Agreement").   Zinkova's counsel added a provision stating "Hon. Judge Learned

7  (Ret.) shall resolve any disputes regarding the terms of this settlement."  (Dkt. No. 57-1 at 3.)

8  Both attorneys initialed next this provision to indicate their consent.  (<u>Id.</u>)

9          The present dispute emerged after the December mediation, as the parties attempted to

10 formalized the agreement by executing a Final Agreement.  (Dkt. 56 at 3, 7.)  With the assistance

11 of Judge Learned, the parties resolved their disagreements over all but two terms.  (<u>Id.</u>)  The first

12 terms relates to a mutual non-disparagement and the second to resolution of disagreements and

13 breach.  (Id. at 8.)

14
                                     **Analysis**

15         Trial courts may "summarily enforce ... a settlement agreement entered into by the

16 litigants" while the litigation is pending. <u>In re City Equities Anaheim</u>, Ltd., 22 F.3d 954, 957 (9th

17 Cir. 1994).  In determining whether to enforce a settlement, a court applies local contract law-

18 here, Washington's. <u>Jeff D. v. Andrus</u>, 899 F.2d 753, 759 (9th Cir. 1989).  Washington follows

19 "the objective manifestation theory of contracts," where a court "attempt[s] to determine the

20 parties' intent by focusing on the objective manifestation of the agreement, rather than on the

21 unexpressed subjective intent of the parties." <u>Hearst Commc'ns, Inc. v. Seattle Times Co.</u>, 154

22 Wn.2d 493, 504 (2005). Washington follows the "context rule," whereby extrinsic evidence may

23 be used "to determine the meaning of specific words and terms used" but not to "show an

24

1    intention independent of the instrument" or to "vary, contradict, or modify the written word." Id.

2    (emphasis in original). Further, a contract is binding "when the intention of the parties is plain

3    and the terms of the contract are agreed upon even if one or both parties contemplated later

4    execution of a writing." Kruger v. Credit Int'l Corp., No. 10–cv–1374, 2012 WL 1534023, at *2

5    (W.D.Wash. Apr. 30, 2012) (citing Veith v. Xterra Wetsuits, LLC, 144 Wn. App. 362, 366

6    (2008)).

7         Applying these principals, the Court finds the parties settled this case in December 2012

8    and executed a written settlement agreement.  (Dkt. No. 57-1.)  The full text of the December

9    Agreement is not before this Court, but the parties agree the settlement included consideration,

10   dismissal of the pending claims, and addressed the pending bankruptcy. (Dkt. No. 56 at 2, 8, 11.)

11        Although the parties jointly move to "enforce" a settlement agreement, what they really

12   seek is a determination as to what terms were included in that December Agreement and who

13   gets to decide that dispute.  As described above, two terms are in contest.  The Court agrees with

14   PIGCO that any dispute regarding the terms must be resolved by the Judge Learned (ret.), as

15   specified in the plain language of the December Agreement.  Whether the parties had a meeting

16   of the minds as to those additional terms, thus making them implicitly part of the December

17   Agreement, is a decision for Judge Learned (ret.) and not this Court.

18                                          **Conclusion**

19        Because the parties settled their claims, IT IS ORDERED that this action and all claims

20   asserted herein are DISMISSED with prejudice and without costs to any party.  In the event that

21   the settlement is not perfected, any party may move to reopen the case, provided that such

22   motion is filed within thirty (30) days of the date of this order. Any trial date and pretrial dates

23

24

ORDER ON CONSOLIDATED MOTION TO
ENFORCE SETTLEMENT AGREEMENT AND
FOR DISMISSAL- 3

1   previously set are hereby VACATED.  The clerk is ordered to provide copies of this order to all

2   counsel.

3            Dated this <u>29th</u> day of May, 2013.

4

5                                                    Marsha J. Pechman

6                                                    Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON CONSOLIDATED MOTION TO
ENFORCE SETTLEMENT AGREEMENT AND
FOR DISMISSAL- 4